BAXTER *v.* OAKLAND CIRCUIT JUDGE.

1. COSTS—TAXING TERM FEE ON POSTPONEMENT.

Under 3 Comp. Laws 1915, § 13685, requiring a term fee to be taxed for every term at which a cause is regularly on the calendar, and not reached, or is postponed, if the case is not reached on the call, the term fee is taxable, and if reached, but not tried, by reason of a continuance, a stipulation of the parties, or a lack of time, it is postponed within the meaning of the statute, and the fee is taxable, except where the taxing party has been allowed a continuance fee.

2. SAME—STIPULATION TO POSTPONE — WHICH PARTY SUGGESTED POSTPONEMENT IMMATERIAL.

Under said statute, a term fee is taxed when a case is reached and postponed, although the postponement is at the request of the attorney for the party who finally prevails; for a case is just as clearly postponed if a stipulation is filed the moment the case is reached as it would have been had the stipulation been filed on the first day of the term, and the question at whose suggestion it was postponed can have no influence on the interpretation of the statute.

3. SAME—PURPOSE.

The provision for the taxation of a term fee in said statute was created as a service fee for noticing the cause for trial, preparing and delivering a note of issue to the clerk, and afterwards giving the usual attention to cases on the calendar.

Mandamus by Arthur L. Baxter to compel Kleber P. Rockwell, circuit judge of Oakland county, to set aside an order refusing to tax certain term fees. Submitted December 13, 1919. (Calendar No. 28,692.) Writ granted December 23, 1919.

*B. F. Reed,* for plaintiff.

*Andrew L. Moore,* for defendant.

BIRD, C. J.    This is an application for a writ of
mandamus to compel defendant to set aside his order
refusing to tax certain term fees, in the case of Baxter
*v.* Stout, in the Oakland circuit court, and to tax the
same in accordance with plaintiff's contention.    It ap-
pears that the case was on the calendar for the Sep-
tember and November terms of 1917, and for the
January, March and June terms of 1918, but for vari-
ous reasons was not disposed of.    The statute in ques-
tion provides that:

"There shall be allowed to the prevailing parties
costs in addition to the fees of officers,   *   *   *   for
every term at which a cause is regularly on the calen-
dar and not reached, or is postponed, excluding that
at which it is tried, five dollars: *Provided*, That no
such term fees shall be allowed to any party for any
term at which he was allowed a continuance fee."
*   *   *   3 Comp. Laws 1915, § 13685.

In commenting on this provision counsel for de-
fendant has this to say:

"The question that is squarely raised in this case is:
What does the phrase 'not reached or is postponed'
mean?
"Counsel for relator contends that if the case was
reached and then was postponed, that he would be
entitled to a term fee.    The language of the statute
is not free from ambiguity.    It is clear that a case
might be postponed by stipulation that was not actually
reached in the call of the docket, and that question
has been settled in the case of *Martin* v. *Wayne Circuit
Judge*, 111 Mich. 71; but, suppose a case is reached
and is postponed, and suppose the postponement is at
the request of the attorney for the party who finally
prevails—Does the statute mean that in such a case
there shall be a term fee taxed?"

Under this statute, if the case is not reached on the
call the term fee is taxable.    If the case is reached on
the call but not tried, by reason of a continuance, a
stipulation of the parties, or a lack of time, it is post-

poned within the meaning of the statute, and the term fee is taxable, save in one particular, where the taxing party has been allowed a continuance fee. But counsel says, Suppose a case is reached and is postponed? The case is just as clearly postponed if a stipulation is filed the moment the case is reached as it would have been had the stipulation been filed on the first day of term, and the question on whose suggestion it was postponed can have no influence on the interpretation of the statute. That question involves the rule of reciprocal courtesies which the statute does not appear to have recognized.

The provision for a term fee in the foregoing statute was undoubtedly created as a service fee for noticing the cause for trial, preparing and delivering a note of issue to the clerk, and afterwards giving the case such attention as lawyers are accustomed to give their cases which are on the calendar. This service is usually performed before it is determined whether the case will be reached and usually before any postponement is requested or granted.

Our conclusion is that the court should have taxed the five term fees. Should any occasion arise for having the writ issue after the trial court's attention is called to this opinion, it may issue. Plaintiff will recover his costs to be taxed against the defendant Stout.

SHARPE, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.